IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

2014 JAN 16  P 12: 01

DEBRA P. HACKETT *CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

C.B. by and through
his next friend Dina Boley;
Dina Boley; individually,

   Plaintiffs,

vs.            CASE NO: 2:14-cv- 1:14-CV-32

United States of America,
U.S. Army; Kathy Johnson;
Toni Hampton,

   Defendants.

## COMPLAINT

Plaintiffs C.B. and Dina Boley, by and through their attorney Robert D. Drummond, Jr., come before this Court and state as follows:

### JURISDICTION

1. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671, and Fourteenth Amendment to the United States Constitution, 28 U.S.C. §§1331 and 1346 (b) and state law claims pursuant to the Court's supplemental jurisdiction, 28 U.S.C. §1367.

2. On October 24, 2012 plaintiffs submitted an Administrative Claim for the claim set forth below to the

United States Army. Six months having elapsed all conditions precedent to a Federal Tort Claims Act claim have been satisfied.

3. Venue is proper within this District under 28 U.S.C. §1402(b) as the acts complained of occurred in the Middle District of Alabama.

## PARTIES

4. C.B. is a minor child and a citizen of the United States of America and at all times pertinent herein was a resident of the State of Alabama

5. Dina Boley, the mother of C.B., is an individual over the age of nineteen and a citizen of the United States of America. At all times pertinent herein Ms. Boley was a resident of the State of Alabama.

6. The United States of America and the United States Army are appropriate defendants under the Federal Tort Claims Act.

7. Kathy Johnson is an individual over the age of nineteen and a resident of the State of Alabama.

8. Toni Hampton is an individual over the age of nineteen and resident of the State of Alabama.

## STATEMENT OF FACTS

9. The Child Development Center (hereinafter "CDC") located on Fort Rucker, Alabama is a program operated by the U.S. Army through Family and Morale, Welfare and Recreation. (U.S. Army MWR)

10. The CDC is essentially a day care program. The plaintiff C.B. (D.O.B: 12-06-10) was a participant in the day care program. C.B.'s parents paid a fee to CDC for participation in the program.

11. Kathy Johnson at all times pertinent herein was an employee of CDC and served in the capacity of a teacher or care-giver to children placed in her classroom. Plaintiff C.B. was placed in Ms. Johnson's classroom.

12. Toni Hampton was at all times pertinent herein the Director of the CDC and was responsible for the operation of the CDC including but not limited to hiring, training, supervision of staff and employees.

13. In late February and early March 2012 C.B. began to display bruising and marks on various parts of his body including his back, arms and face. The CDC failed to report to C.B.'s parents any explanation for the bruising and marks.

14. On various occasions during March 2012 Dina Boley contacted and spoke with Toni Hampton regarding the marks

and was informed that it would be looked into. Ms. Boley received no further information from Ms. Hampton or anyone else with the CDC. During this time period C.B. displayed emotions and behaviors markedly in contrast to his historical emotions and behaviors.

15. On or about March 22, 2012 C.B. came home with a bruise mark on his left cheek. Inquiry to the CDC on March 22, 23 and 26 yielded a response that it would be looked into. No response or explanation was forthcoming.

16. On or about April 13, 2012 Dina Boley was informed that C.B. had been subjected to physically abusive contact. On April 16, 2012 Ms. Boley reviewed video records of abusive contact. Said videos revealed Kathy Johnson engaging in physically abusive contact with C.B. and Kathy Johnson spraying a substance into the face of C.B.

17. Pursuant to the abusive conduct and subsequent resultant emotional and behavioral issues C.B. was evaluated and treated by a licensed psychologist.

18. Pursuant to the abusive conduct of C.B., Dina Boley incurred counseling care, costs and expenses associated with day care, leave, fuel, and mileage and copying.

19. That Toni Hampton either failed to train, supervise, monitor, review or evaluate Kathy Johnson in

proper care giving techniques or maintained a policy, procedure or practice that allowed care givers to physically handle and interact with small children in an abusive manner.

20. At all times pertinent hereto Kathy Johnson and Toni Hampton were employees of an agency of the United States government and where acting within the scope of their employment.

## CAUSATION AND DAMAGES

21. As a direct and proximate result of the acts and conduct of the defendant(s) the plaintiffs were caused to suffer violation of bodily integrity; physically injury; pain and suffering; mental anguish; loss of services; and cost and expenses as set forth herein.

## CAUSES OF ACTION

### COUNT I
### (FEDERAL TORT CLAIMS ACT)

22. Plaintiffs reallege all paragraphs herein set forth.

23. That the acts and events set forth herein constitute negligent and wrongful acts and omissions to C.B. committed by agents or employees of the United States

government for which the United Stated Sates of America is liable.

WHEREFORE, the premises considered, the plaintiffs demand the relief set forth herein.

## COUNT II
### (FEDERAL TORT CLAIMS ACT)

24. Plaintiffs reallege all paragraphs herein set forth.

25. That the acts and events set forth herein constitute negligent and wrongful acts and omissions to C.B. and Dina Boley committed by agents or employees of the United States government for which the United States of America is liable.

WHEREFORE, the premises considered, the plaintiffs demand the relief set forth herein.

## COUNT III
### (42 U.S.C.§1983)

26. Plaintiffs reallege all paragraphs herein set forth.

27. That the acts and conduct of defendants Kathy Johnson and Toni Hampton denied C.B. his right to bodily integrity in violation of the procedural and substantive

due process components of the Fourteenth Amendment to the Constitution of the United States.

WHEREFORE, the premises considered, plaintiffs demand the relief set forth herein.

## COUNT IV
### (Negligence/Negligent Supervision)

28. Plaintiffs reallege all paragraphs herein set forth.

29. That the acts, conduct and omissions of defendants Johnson and Hampton constitute negligence and negligent supervision.

WHEREFORE, the premises considered, the plaintiffs demand the relief set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, the premises considered, plaintiffs demand the following relief:

   a. Compensatory damages;

   b. Attorney's fees and costs;

   c. Such other, further and different relief to which plaintiffs may be entitled.

/s/ Robert D. Drummond, Jr.
Robert D. Drummond, Jr.
ASB-4619-O78R
Attorney for the Plaintiffs

OF COUNSEL:

323 De La Mare Ave.
Fairhope, Al 36532
251-990-6249
robertdrummond@bellsouth.net