IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

C.B., by and through DINA BOLEY, )
and DINA BOLEY, individually, )
 )
      Plaintiffs, )
 )
  v. ) CIVIL ACTION NO. 1:14-cv-32-ECM
 ) (WO)
UNITED STATES OF AMERICA, *et al.*, )
 )
      Defendants. )

**MEMORANDUM OPINION and ORDER**

On January 16, 2014, Plaintiff, Dina Boley ("Boley"), individually and on behalf of her minor child C.B.,[1] filed this action pursuant to the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2671, the Fourteenth Amendment to the United States Constitution via 42 U.S.C. § 1983 and state law, seeking damages against defendants the United States, the United States Army, Kathy Johnson ("Johnson") and Toni Hampton ("Hampton") for actions taken against her child. Boley alleges that, while attending the Child Development Center at Fort Rucker, Alabama, C.B., was physically abused by his teacher Johnson. Boley also alleges that Hampton, as the Director of the Child Development Center, failed to properly supervise Johnson which resulted in Johnson abusing C.B. Boley alleges claims under the FTCA, substantive and procedural due process claims under the

---

[1] Pursuant to the E-Government Act of 2002, as amended on August 2, 2002, and M.D. Ala. General Order No. 2:04mc3228, the court has redacted the minor child's name and refers to him only by his initials, C.B..

Fourteenth Amendment, and claims under state law. She seeks compensatory damages and an award of attorney's fees.

Pursuant to 28 U.S.C. § 2679(d)(1), the United States was substituted for Hampton as the defendant for the state law tort claims.[2] (Doc. 28). The sole remaining defendants in this action, therefore, are the United States and the United States Army.[3] Jurisdiction in this Court is invoked pursuant to its federal question jurisdiction, 28 U.S.C. § 1331, and the jurisdictional grant contained in 28 U.S.C. § 1346(b) for the federal tort claims. It has supplemental jurisdiction of the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

Now pending before the Court is the Defendants' motion to dismiss pursuant to FED.R.CIV.P. 12(b)(1), asserting that (1) the United States Army is not a proper party under the FTCA, and (2) this court lacks subject matter jurisdiction because the Plaintiffs' claims are barred by the assault and battery exception to the FTCA, 28 U.S.C. § 2680(h) and the discretionary function exception to the FTCA, 28 U.S.C. § 2680(a). (Doc. 11). The motion is fully briefed and ripe for resolution.[4] After careful consideration of the motion, and the

---

[2] In count four of the complaint, Boley alleges state law claims of negligence and negligent supervision against Johnson and Hampton individually. Hampton was dismissed as a defendant in this action on March 30, 2015, (doc. 37), and the Plaintiffs conceded during a status conference on September 20, 2018 that service on Kathy Johnson was never perfected. Consequently, she is not a defendant in this action. Because the state law claims are asserted only against the individuals who are not parties to this action, those claims are due to be dismissed.

[3] In response to the Defendants' motion to dismiss, the Plaintiffs concede that if the FTCA governs the claims, "then the United States becomes the only defendant and the causes of action asserted under Counts I and II are the exclusive remedy available to plaintiffs." (Doc. 17 at 2).

[4] In their response to the Defendants' motion to dismiss, the Plaintiffs requested the Court "defer ruling on the United States' Motion to Dismiss" to conduct "limited discovery" on the issue of the applicability of the FTCA. (Doc. 17 at 4). The Plaintiffs' response was filed on April 18, 2014. At a hearing on the

briefs filed in support of and in opposition to the motion, the Court concludes that the Defendants' motion to dismiss is due to be granted and this case dismissed.

## DISCUSSION

The Plaintiffs' exclusive remedy against the United States is pursuant to the Federal Tort Claims Act. *See* 28 U.S.C. § 2679. The law is well-established that the United States, as sovereign, is absolutely immune from suit unless it consents to be sued. *United States v. Sherwood*, 312 U.S. 584, 588-89 (1941). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *JBP Acquisitions, LP v. U.S. ex. rel. F.D.I.C.,* 224 F.3d 1260, 1263 (11th Cir. 2000) (quoting *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). *See also Means v. United States*, 176 F.3d 1376, 1378 (11th Cir. 1999) ("[S]overeign immunity bars suit against the United States [and its agencies] except to the extent it consents to be sued.").

The Plaintiffs sued both the United States and the United States Army. "It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). *See also Goble v. Ward*, 628 F. App'x 692, 698 (11th Cir. 2015); *Trupei v. United States,* 304 F. App'x 776, 782 (11th Cir. 2008) ("As an initial matter, the FTCA authorizes claims only against the United States."). This Court, therefore, lacks jurisdiction over any FTCA claims asserted against the United States

---

Defendants' motion to dismiss on September 20, 2018, the Plaintiffs acknowledged that the motion was fully briefed and ripe for adjudication.

Army.  The motion to dismiss the United States Army is due to be granted, and the United States Army is due to be dismissed as a defendant in this action.

The Court now turns to Boley's claims against the United States.  Claims against the United States are barred by the doctrine of sovereign immunity except for those tort claims for which Congress has waived sovereign immunity and granted consent for the United States to be sued.[5]  See 28 U.S.C. § 2679.  Under the FTCA, Congress waived sovereign immunity and granted consent for the United States to be sued for acts committed by any "employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).[6]  See also, Cohen v. United States, 151 F.3d 1338, 1340 (11th Cir. 1998); Ochran v. United States, 117 F.3d 495, 499 (11th Cir. 1997).

There are, however, several explicit exceptions to this waiver of sovereign immunity, Cohen, 151 F.3d at 1340, including an "assault and battery" exception and the "discretionary function" exception both of which are at issue in this case.  The law is well-

---

[5] The Plaintiffs allege a constitutional tort pursuant to 42 U.S.C. § 1983.  However, the law is clear that "the United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims." F.D.I.C. v. Meyer, 510 U.S. 471, 478 (1994). Consequently, the Plaintiffs' constitutional tort claim contained in count three of the complaint is due to be dismissed as barred by sovereign immunity.

[6] The FTCA, in pertinent part, provides that

> [t]he district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).  See also 28 U.S.C. § 2679(b)(1).

established that "[t]he Federal Torts Claims Act's waiver of sovereign immunity does not apply to "any claim arising out of assault [or] battery," 28 U.S.C. § 2680(h)[.]" *United States v. Shearer*, 473 U.S. 52, 54 (1985). The Plaintiffs argue that "physically abusive contact" as alleged in the complaint is not synonymous with assault and battery, and thus, the claims are not barred by the FTCA. (Doc. 17 at 6-8). The Plaintiffs parse their language too finely. In their complaint, the Plaintiffs allege that "C.B. began to display bruising and marks on various parts of his body including his back, arms and face." (Doc. 1 at 3, para. 13). The Plaintiffs further allege that "Boley was informed that C.B. had been subjected to physically abusive contact. . . . [V]ideos revealed Kathy Johnson engaging in physically abusive contact with C.B. and Kathy Johnson spraying a substance into the face of C.B." (*Id.* at 4, para. 16). These allegations are sufficient for the Court to conclude that Boley's claims fall within the assault and battery exception of the FTCA. "'It is the substance of the claim and not the language used in stating it which controls' whether the claim is barred by an FTCA exception." *JBP Acquisitions*, 224 F.3d at 1264. The Plaintiffs cannot escape application of the assault and battery exception by characterizing the conduct of Johnson as "physically abusive." *Id.* It is clear from the Plaintiffs' description of the claims that

their claims fall within the assault and battery exception to the FTCA.[7]  Consequently, the Court concludes that it lacks subject matter jurisdiction over this case.[8]

## CONCLUSION

"If one of the exceptions [of the FTCA] applies, the bar of sovereign immunity applies."  *Dolan v. United States Postal Service*, 546 U.S. 481, 485 (2006).  The Plaintiffs' claims are barred by sovereign immunity because the alleged conduct falls within the assault and battery exception to the FTCA.  Accordingly, it is

ORDERED that the Defendants' motion to dismiss (doc. 11) is GRANTED and this case is DISMISSED with prejudice for lack subject matter jurisdiction.

A separate final judgment will be entered.

Done this 27th day of August, 2019.

                              /s/Emily C. Marks
                              EMILY C. MARKS
                              CHIEF UNITED STATES DISTRICT JUDGE

---

[7] The Plaintiffs' claims of negligent supervision also fail under the assault and battery exception to the FTCA.  "Section 2680(h) does not merely bar claims *for* assault and battery; in sweeping language it excludes any claim *arising out of* assault or battery.  We read this provision to cover claims like respondent's that sound in negligence but stem from a battery committed by a Government employee."  *Shearer*, 473 U.S. at 55 (emphasis in original).

[8] Because the Court concludes that the Plaintiffs' claims are barred by the FTCA exception for claims arising out of assault and battery, it pretermits discussion of the discretionary function exception.